UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| REGINALD MORRIS SEALEY, | ) |
|     Plaintiff, | |
| vs. | ) |
| THE UNITED STATES OF AMERICA, | ) |
| Serve: | |
| Attorney General of the United States<br>950 Pennsylvania Avenue, NW<br>Washington, DC  20530 | }<br><br>) |
| Commonwealth of Virginia | ) |
| Serve: | ) |
| Attorney General of Virginia<br>202 North Ninth Street<br>Richmond, VA  23219 | )<br>)<br>) |
|     Defendants | ) |

ORIGINAL COMPLAINT FOR DAMAGES
UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff LCDR Reginald M. Sealey, USCG Retired, in proper person, now comes before this Court and complains of the United States Government and The Commonwealth of Virginia, as follows:

I.
**JURISDICTION, VENUE, AND CONDITIONS PRECEDENT**

1. Plaintiff Reginald Morris Sealey is a retired US Coast Guard officer residing at 12708 Thrush Place Upper Marlboro, MD 20772, and thus is a resident of the District of Maryland. LCDR Sealey is an NROTC graduate of The Citadel and was first commissioned as a 2nLt USMC in 1974, served on active duty for 5 years and was later commissioned as a LT USCG Reserve in 1983. After serving 15 years and failure of promotion to 0-5, LCDR Sealey retired 1 April 1998.

2. LCDR Sealey received an Honorable discharge from the USMC in 1979, and upon completion of 20 years active-duty service, from the USCG in 1998, both with no record of any disciplinary action for misconduct.

3. The claims herein are brought against the U.S., pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C §§1346(b)(1), for money damages as compensation for loss of federal income and civil service retirement benefits; personal injuries that were caused by the negligent and wrongful acts and omissions of agents and employees of the United States Government, inter alia, negligent investigation, illegal wiretapping of Plaintiff's home phone, officious interference in federal bankruptcy proceedings and state of Maryland civil proceedings, defamation of character, fraudulent withdrawals from Plaintiff's NFCU checking and savings accounts, over billing in consumer transactions, fraudulent attempts to have Plaintiff suspended or disbarred from practice in the state of Maryland, harassment of my female family members, including a death certificate for Amanda Virginia Sealey, infliction of emotional severe distress and grief beyond measure for the perceived death of my daughter, interference with prospective employment by agents of the US government while acting within the scope of their offices and employment, under circumstances where the Defendant U.S., if a private person, would be liable to the plaintiff in accordance with the laws of the state of Maryland.

4. Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Maryland and arose from the posting of a false allegation of juvenile involvement in an assault while a 17-year-old high school student to the US Air Force Academy.  The report became a permanent government record around 1970, maliciously and negligently without legal cause.

5. Plaintiff has fully complied with provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

6. This suit has been timely filed, in that Plaintiff served notice of this claim on the Department of the Navy, the Department of the Air Force, Department of the Army, Department of Homeland Security, and The Commonwealth of Virginia within two years of gaining knowledge of the illegal posting that has continued to have harmful effects for over 50 years of continuing harassment and the discovery that Amanda Virginia Sealey was alive in December of 2023.  In the alternative, Plaintiff claims equitable tolling is appropriate under the circumstances as Plaintiff was never informed of any 50-year record that became the source of harassment for years by government agents and 6 to 7 Passovers for promotion to 0-5 in the US Coast Guard. The plaintiff was denied government employment as recently as January 2023 and continues to be harassed at the time of filing this complaint.

The

7. The Department of the Navy, the Department of the Air Force, Department of the Army, The Department of Homeland Security and The Commonwealth of Virginia indicate the agencies and The Commonwealth will offer no relief to settle my claims and order offending agents to cease and desist future harassment.

II

EVENTS FORMING THE BASIS OF THE CLAIMS

8.  Plaintiff was in the vanguard of the first black students to integrate The Academy of Richmond County High School of Augusta, Georgia in 1968. Plaintiff excelled in the Army JROTC program and played varsity basketball. He applied for admission to the US Air Force Academy and received a nomination from his congressman. During his senior year, Plaintiff was falsely accused of assaulting a white female student in a crowded hallway in broad daylight in the presence of a multitude of white students. Plaintiff witnessed a white student commit the assault, nonetheless the female student reported that Plaintiff committed the assault. School administrators confronted Plaintiff for "causing trouble" but made no mention of Plaintiff being suspected of assault. The Plaintiff received about 3 hours of detention for whatever trouble he caused. Plaintiff knew he had been cutting class and up to other mischief and that was what he was being disciplined for. Nonetheless, Plaintiff believes an Army JROTC Instructor reported the false allegation to the Air Force Academy concerning Plaintiff's application and the report became a permanent government record. In retrospect, upon information and belief, the plaintiff received a fraudulent letter stating he was "academically unqualified" and never received any notice of a subsequent appointment to the Academy or the Academy Prep School.

9.  The Plaintiff was never prosecuted by law enforcement for juvenile delinquency because he in fact had assaulted no one. To add insult to injury, even if Plaintiff had been adjudicated as involved in juvenile delinquency any record would have been sealed. The Army JROTC Instructor Defamed Plaintiff's reputation before the Air Force who accepted the lie as the truth and motivated the admissions staff to disqualify the Plaintiff for admission. Once the lie was discovered, the Plaintiff believes, in retrospect, that Plaintiff was admitted as an athlete, but government agents withheld that knowledge from Plaintiff.

10. In 1970, Plaintiff matriculated at The Citadel, a Senior Military College and enrolled in Air Force ROTC. The Air Force record of misconduct followed, and Plaintiff was disqualified for an ROTC scholarship having failed the Air Force Officer's Qualification test (AFOQT) with all zeros, a seemingly impossible feat. Plaintiff successfully completed the Naval ROTC qualification tests and upon graduation was commissioned a 2nLt USMC. Upon information and belief, because of potential NCAA recruiting violations, Plaintiff was dismissed from the varsity basketball team junior year. Records of Plaintiff being a member of the team have been obfuscated, and Plaintiff is not recognized as the first African American cadet to don the team uniform. Plaintiff is James Baldwin's "invisible man" at The Citadel!

11. Plaintiff served for 5 years as an officer in the US Marine Corps and was honorably discharged in August 1979 and attended the University of San Diego Law School. While a first-year law student Plaintiff sought employment as a DOJ intern. The plaintiff was denied the position because a background check apparently produced a false allegation.  The plaintiff was not informed of the reason for the rejection and was unaware of the report forwarded to the Air Force Academy. Plaintiff has learned that the false allegation of a juvenile assault in 1970 was characterized as "sexual harassment" around 1979, a term that was not "coined" until 1975. Plaintiff first received notice of the 1970 report and record in 2024 when it was disclosed by the Navy Tort Claims attorney investigating the filing of the Plaintiff's FTCA claim, in a letter to Plaintiff.

12. Plaintiff has learned the offending record was also relayed to the USMC while Plaintiff served with the USMC and Plaintiff and a colleague became subjects of an investigation into "sexual harassment" in 1976. We were both exonerated of any allegations and Plaintiff was not subjected to any criminal charges or administrative discipline. However, the Plaintiff was not selected for any Navy/Marine Corps Program to remain on active service while attending Law School. The plaintiff was not selected to return to active duty after becoming a member of the Bar. The Plaintiff had concluded that the USMC filed a report with the FBI National Criminal Information System (FBI:NCIS) around 1979. In 2024 the FBI indicated that no report had ever been filed.

13. Despite the 1970 report, Plaintiff was successfully employed as a Deputy Public Defender in Honolulu, Hawaii in 1983. The plaintiff was recruited for an adjunct Professor position at the Hawaii Community College at the same time. After an interview and a background check, Plaintiff was denied the position due to the unknown false Air Force record of a purported sexual offense.  Later, while serving with the USCG between 1983 and 1998, the record of the false allegation was forwarded to the Coast Guard. Plaintiff was dismissed from an LLM degree program by Air Force administrators due to the allegation of sexual harassment but never apprised of the allegation. In 1997 Plaintiff was removed from duties as a USCG Lawyer and assigned to personnel. Again, unknown to Plaintiff, he was being investigated for "sexual harassment" and was receiving intense harassment from his colleagues to convince him to resign from the service short of completing 20 years active duty. For at least 5 years, Plaintiff's superiors were retaliating against him because of his prior representation of minority courts-martial clients and Civil Rights complainants who reported allegations of sexual discrimination to the Department Secretary. The Plaintiff was passed over for promotion to the next highest rank for at least 5 – 6 years. During this time, the Coast Guard was suppressing any complaints of sexual harassment from the Secretary and members of Congress. *See Fouled Anchor Investigation Report*.

14. Plaintiff survived the harassment and retired from the Coast Guard in 1998. The Plaintiff applied for numerous civilian attorney positions with the Department of the Navy, the Veterans Administration, and private law firms. Despite having a veteran preference, Plaintiff was not successful in obtaining a federal civilian attorney position and eventually entered private practice around 2003 because of the false record.

15. From 1990 to the present, government agents intensified harassment against Plaintiff and his female relatives, including Denise Pernell, Ravonne Pernell, Bree Sealey, Shelia Mayers, Rene Willis-Rodgers, Jeanette Grubbs, Jonitha Carpenter, Julette Sealey, and Plaintiff's daughter, Amanda Virginia Sealey.

16. Agents employed by the Defendant U. S., caused fake deaths of Plaintiff's brother, Clifford Cobb, Jr., Plaintiff's sisters Jeanette Grubbs and Debra Jackson, and Plaintiff's daughter, Amanda Virginia Sealey. Premature funeral services were had for all.

### III
### FIRST CLAIM – VIOLATION OF 28 U.S.C. §2680(h)

1. Plaintiff incorporates by reference herein all allegations set forth above.

2. The acts and events set forth above constitute negligent and wrongful acts and omissions of agents and employees of the U.S. Government, *inter alia*, negligent investigation, abuse of process by illegal wiretap of Plaintiff's home phone, Defamation of character, assault and battery, infliction of emotional distress, attempted larceny from Plaintiff's NFCU bank accounts, intentional hazardous installation of a leaking propane tank that could have proved disastrous, interference with prospective economic opportunity, and interference with federal bankruptcy and Maryland civil cases, while acting within the scope of their offices and employment, under circumstances where the Defendant U.S., if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Maryland.

   Because these acts and events were undertaken and caused by investigators and law enforcement agents or persons holding themselves out as law enforcement agents of the Defendant U.S., the U.S. Government is liable for all damages caused by such acts, as provided by 28 U.S.C. §2680(h).

## SECOND CLAIM – VIOLATION OF FEDERAL TORTS CLAIMS ACT

1. Plaintiff incorporates by reference herein all allegations set forth above.

2. The acts and events set forth above constitute negligent and wrongful acts and omissions of agents and employees of the U.S. Government, *inter alia*, negligent investigation, abuse of process by illegal wiretap of Plaintiff's home phone, Defamation of character, assault and battery, infliction of severe emotional distress, attempted larceny from Plaintiff's NFCU bank accounts, officious interference with Maryland civil proceedings and federal bankruptcy cases, and interference with prospective economic opportunity while acting within the scope of their offices and employment, under circumstances where the Defendant U.S., if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Maryland.

## THIRD CLAIM – FALSE REPORT OF DEATH

1. The Commonwealth of Virginia issued an official death certificate for Amanda Virginia Sealey on or about April 19, 2022, and after notification in 2023 that Amanda Virginia Sealey has not passed, the State of Virginia has not removed or rescinded the erroneous record.

## IV.
## DAMAGES

1. The plaintiff and family members cited above have suffered the following injuries for which plaintiff seeks full compensation under the law:

   a. Court costs in seeking compensation for the resulting personal injuries complained of above for the negligent and wrongful acts of government agents.

   b. Damages to reputation:

   c. Emotional distress and humiliation; and

   d. financial loss of prospective contract of civil service employment at a time when there was and remains a shortage of qualified government attorneys with veteran preference.

   e. Attempts to have Plaintiff suspended or disqualified from practicing law.

V.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff Sealey is entitled to damages from the United States, and he does pray that judgement be entered in his favor and against the United States as follows:

1. Damage to his reputation in the amount of $1,000,000.00; plus

2. Compensatory Damages in the amount of $1,000,000.00 for severe emotional distress; plus

3. Damages in the amount of $ 1,000,000.00 for negligent investigation resulting in 5- 6 Passovers for promotion to Commander, USCG,

4. Compensation in the amount of $ 1,000,000.00 for depriving Plaintiff Sealey of attendance at the United States Air Force Academy and interference with an economic contract of employment or civil service employment six months after his retirement as a proximate cause of the false and defamatory report of "sexual harassment" when Plaintiff was a minor in high school in 1970.

5. Damages of $1,000,000.00 each to all family members cited herein who were harassed by actions of government agents.

6. Injunctive relief by order of the Court removing or rescinding the erroneous death certificate and a cease and desist order to government agents to cease current harassment of the Plaintiff.

7. Plaintiff is entitled to recovery of all costs incurred by Plaintiff in this civil action, together with for such and additional relief at law or in equity that this Court may deem appropriate or proper.

8. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief, that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law: (3) the factual contentions have evidentiary support after a reasonable opportunity for further investigation or discovery: and (4) the complaint otherwise complies with requirements of Rule 11.

9. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

April 30, 2025                                    Respectfully submitted.

                                                /s/ Reginald M. Sealey
Reginald M. Sealey
Fed Bar No. 14257
12708 Thrush Place
Upper Marlboro, MD 20772
(301) 275-3785

Exhibit A:  Death Certificate

Exhibit B:  Virginia Notice

Exhibit C:  Marine Corps SF95

Exhibit  D:  Air Force SF95

Exhibit  E:  Coast Guard SF95