IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **REGINALD MORRIS SEALEY,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 8:25-01454-CDA |
| **THE UNITED STATES OF AMERICA** | * | |
| | * | |
| and | | |
| | * | |
| **COMMONWEALTH OF VIRGINIA,** | | |
| | * | |
| Defendants. | | |

\* \* \*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Reginald Morris Sealey's Motion to Reopen Case. ECFs 39, 41. No defendant has responded. No hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, the Court DENIES the Motion.

On May 5, 2025, Plaintiff Sealey filed suit against the United States of America and the Commonwealth of Virginia. ECF 1. The complaint alleged violations of the Federal Torts Claims Act, 28 U.S.C. §2671, et seq., and 28 U.S.C. §§1346(b)(1). *Id.* at ¶ 3. Plaintiff sought relief in the form of damages. *Id.* at 7.

Only the Commonwealth of Virginia has responded to the suit, filing a Motion to Dismiss on June 6, 2025. ECF 12. On June 25, 2025, Judge Theodore D. Chuang held a case management conference. ECF 26. Following the conference, Judge Chuang issued an "Order after Case Management Conference" noting that "Defendant United States of America has accepted service, effective June 25, 2025." ECF 26. Subsequently, the

1

parties consented to proceed before a United States Magistrate Judge, and the Court reassigned the case to the undersigned. ECF 30.

On July 7, 2025, Plaintiff filed, and the Court approved, a Notice of Voluntary Dismissal without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF 37, 38. On July 24, 2025, Plaintiff filed a Motion to Reopen.[1] ECF 39. In the Motion, Plaintiff requests that the case be reinstated "considering the United States filed opposition to dismissal." *Id*. He avers that if he knew the United States was successfully served and filed an opposition to dismissal, he would not have noticed voluntary dismissal. ECF 39-1. However, Plaintiff's stated justifications run contrary to the record. As noted above, nothing on the docket shows any filed opposition to dismissal, and Judge Chuang's order indicates that the United States accepted service. ECF 28. Thus, the Court treats the pending motion like any other motion to reopen following a voluntary dismissal.

Federal Rule of Civil Procedure 41(a)(1)(A)(i) allows a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" As judges of this Court, facing similar requests in a similar posture, have explained:

> "Because a dismissal under this rule is effected without court order, 'there is no final order or judgment from which a party may seek relief under Rule 60(b), and the district court lacks jurisdiction to grant a Rule 60(b) motion.' *Ajiwojo v. Cottrell*, 245 Fed. Appx. 563, 565 (8th Cir. 2007); *see also Netwiq v. Georgia Pac. Corp.*, 375 F.3d 1009, 1010 (10th Cir. 2004); *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 545 (4th Cir. 1993) (district court may not vacate a Rule 41(a) (1) notice of dismissal without prejudice); *Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) ('notices of

---

[1] Plaintiff incorrectly filed the Motion to Reopen without the required proposed order. ECF 40. However, Plaintiff remedied his mistake by filing the missing proposed order under "Notices." ECF 41.

dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(i) are not subject to vacatur.'). Accordingly, Plaintiff may not reopen the instant case but must instead commence a new action. *See Adams v. Lever Bros. Co.*, 874 F.2d 393, 395 (7th Cir. 1989) ('The only differences between dismissal followed by reinstatement and a Rule 41(a)(1) dismissal followed by a re-filing are that the latter requires a new docket fee and must satisfy the statute of limitations.')."

*Jiggetts v. Hickey*, No. 22-02412-JRR, 2023 WL 9101319, at *1 (D. Md. Dec. 4, 2023) (quoting *Great American Ins. Co. of New York v. Day*, No. 12-2295-DKC, 2013 WL 254563, at *1 (D. Md. Jan. 22, 2013)).  Accordingly, because Plaintiff voluntarily dismissed this action, it shall not be reopened.  Subject to any applicable statute of limitations, Plaintiff must commence a new action if he wishes to pursue the dismissed claims.  *See id.*; *Elgen Mfg. Co., Inc. v. Mac Arthur Co.*, No. 23-4924-JST, 2024 WL 3875789, at *4 (N.D. Cal. Aug. 16, 2024).

Therefore, Plaintiff's Motion to Reopen (ECF 39, 41) is DENIED.

Date: November 10, 2025

                                                      /s/
Charles D. Austin
United States Magistrate Judge