IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **REGINALD MORRIS SEALEY,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 8:25-01454-CDA |
| **THE UNITED STATES OF AMERICA** | * | |
| and | * | |
| **COMMONWEALTH OF VIRGINIA,** | * | |
| Defendants. | * | |
| | * * * | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's Second Motion to Reinstate Case. (ECF 44). On July 7, 2025, Plaintiff filed, and the Court approved, a Notice of Voluntary Dismissal without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF 37, 38. On July 24, 2025, Plaintiff filed a Motion to Reopen. ECF 39. The Court denied the motion because "a dismissal under this rule is effected without court order"; therefore, "'there is no final order or judgment from which a party may seek relief under Rule 60(b), and the district court lacks jurisdiction to grant [the motion]." *Jiggetts v. Hickey*, No. 22-02412-JRR, 2023 WL 9101319, at *1 (D. Md. Dec. 4, 2023) (quoting *Great American Ins. Co. of New York v. Day*, No. 12-2295-DKC, 2013 WL 254563, at *1 (D. Md. Jan. 22, 2013)).

On November 29, 2025, Plaintiff filed the pending motion, again seeking reinstatement of the case he voluntarily dismissed more than four months ago. ECF 44. As noted above, the Court closed the case and denied a previous motion to reopen. Therefore, affording Plaintiff the liberal construction applied to pro se filings, *Erickson v.*

1

*Pardus*, 551 U.S. 2 89, 94 (2007), the Court interprets this filing as a Motion to Reconsider its previous denial.

I.    **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure provide three routes by which a party may seek reconsideration of a court order: Rules 54(b), 59(e), and 60(b). Rule 54(b) governs motions to reconsider interlocutory orders. *See Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991). Rules 59(e) and 60(b) govern motions to reconsider final judgments. *Id.* Rule 59(e) controls when a party files a motion to alter or amend within twenty-eight days of the final judgment. *Bolden v. McCabe, Weisberg & Conway, LLC*, No. DKC-13-1265, 2014 WL 994066, at *1 n.1 (D. Md. Mar. 13, 2014). If a party files the motion later or seeks to vacate or set aside their prior final judgment, Rule 60(b) controls. *Id.* Here, though Plaintiff did not cite any rules in his Motion, the Court analyzes his Motion as one for reconsideration under Rules 59(e) and 60(b).

A motion for reconsideration under Rule 59(e) "is discretionary" and therefore "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Rule 60(b), on the other hand, may offer relief after the twenty-eight-day deadline if a party first demonstrates "(1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances. *Sare v. Fathy*, No. 23-02675-JRR, 2025 WL 282301, at *4 (D. Md. Oct. 3, 2025) (quoting *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023), *cert denied sub nom. Dotson v. Justus*, 144 S. Ct. 1096 (2024) (internal citation and footnote omitted)). If the party makes this threshold showing, "then he must show that he qualifies

2

for relief under one of the six specific categories listed in Rule 60(b)." *Id.* (citing *Justus*, 78 F.4th at 105-106 (citation omitted)).

## II. ANALYSIS

Plaintiff, for the second time, asks the Court to reinstate his case that he voluntarily dismissed on July 7, 2025. ECF 37. The Court finds no basis for relief under Rules 59(e) or 60(b). As best as the Court can discern, Plaintiff's argument for reconsideration rests on the second and third criteria under Rule 59(e)—new evidence and a need to correct a clear error or manifest injustice, respectively. *See* ECF 44, at ¶¶ 3, 4, 5. To support its request, the motion offers allegations of harassment and vandalism by the government, and the government's untimely response to his request for "relevant investigative information" which resulted in Plaintiff not being prepared for trial.[1]

Reconsideration, however, is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Put more colorfully, "[w]here a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be 'just maybe or probably wrong; it must . . . strike us as wrong

---

[1] Plaintiff's filing includes several assertions or suggestions that are inconsistent with the posture of this action or otherwise irrelevant to whether to reopen this case. For one, he emphasizes that the government "refus[es] to produce relevant evidence, thus not allowing the Plaintiff to prepare for trial." This case was voluntarily dismissed; as far as the Court is aware, the government is currently under no obligation to produce any evidence relevant to any claim raised by the pleadings in this action. Likewise, the Plaintiff does not need to be "ready for trial" in a dismissed case. Also, it is not clear what the Plaintiff refers to when he asserts that the "Attorney General filed a response to [his] motion to dismiss[]" and that he "has not been served a copy[.]" ECF 44, at ¶ 2. As the docket reflects, Plaintiff has never filed a motion to dismiss. Nevertheless, even if Plaintiff had filed any motion to which a defendant responded, whether the Attorney General replied has no bearing on the motion to reopen this case (or reconsider the Court's previous denial). As noted previously and again in this opinion, the dismissal is without prejudice, which allows Plaintiff to file a new action raising his original claim in this case as well as any other he wishes to pursue.

3

with the force of a five-week old, unrefrigerated dead fish.'" *Siple v. First Franklin Fin. Corp.*, No. RDB-14-2841, 2015 WL 6163791, at *2 (D. Md. Oct. 19, 2015) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)).

Plaintiff offers no argument or evidence that materially alters the Court's prior analysis, let alone demonstrates clear error or manifest injustice. Previously, relying on decisions in this and other circuits, the Court denied the motion because it lacked jurisdiction to vacate a Rule 41(a)(1) notice of dismissal without prejudice. ECF 42, at 2-3. Alleged new instances of harassment are irrelevant to the Court's prior reasoning, does not confer jurisdiction that the Court previously found lacking, or demonstrate a sort of prejudice that requires reopening in the interest of avoiding manifest injustice. The Court's prior observation—that Plaintiff is free to renew (or supplement) his claims in a new case so long as the limitations period has not run—remains as viable today as it was one month or four months ago. Lacking relevant new evidence or indicia of clear error or manifest injustice, the Second Motion to Reinstate Case fails under both Rule 59(e) and Rule 60(b).

Therefore, Plaintiff's Second Motion to Reinstate (ECF 44) is DENIED. Because the Plaintiff voluntarily dismissed this action without prejudice and the Court does not have jurisdiction to vacate this dismissal, it shall not be reopened. Consistent with the Court's previous order denying the motion to reopen the case, Plaintiff must commence a new action, subject to any applicable statute of limitations, if he wishes to pursue the dismissed claims. *See* ECF 42, at 3; *see also Jiggetts*, 2023 WL 9101319, at *1.

Date: January 21, 2026                        /s/
                                              Charles D. Austin
                                              United States Magistrate Judge

4